UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RHONDA WOITOVICH,

                Plaintiff,                    Case No.:

    - against -

                                       **COMPLAINT**

LYDIA SCHOENFELD and MORGAN STANLEY
SMITH BARNEY, LLC,                             **JURY TRIAL**
                                                       **DEMANDED**
                Defendants.
------------------------------------------------------------------x

        Plaintiff Rhonda Woitovich ("Woitovich" or "Plaintiff"), by and through her attorneys, Twersky PLLC, hereby files this Complaint, and in support thereof, upon information and belief avers as follows:

        1.        This is an action for claims of, *inter alia*, specific performance, declaratory judgment, breach of fiduciary duty and breach of contract, relating to a Credit Shelter Trust ("CST") and Individual Retirement Account ("IRA").

        2.        Defendant Lydia Schoenfeld ("Schoenfeld"), the co-trustee of the CST and co-beneficiary of the IRA, has breached the fiduciary duties she owes to Woitovich, as the other co-trustee and beneficiary of the CST and as the co-beneficiary of the IRA.

        3.        Schoenfeld, unlawfully and without any reasoning, has refused to distribute the funds of the CST to Woitovich and has refused to cooperate in the distribution of the IRA to her.

        4.        Defendant Morgan Stanley Smith Barney, LLC ("Morgan Stanley") is the financial institution where both the CST and IRA are held and has breached its contract with Woitovich by not distributing her portion of the IRA to her.

        5.        Woitovich seeks damages related to both Defendants' breaches, as well as a declaratory judgment and specific performance of Schoenfeld's fiduciary duties under the CST

and Morgan Stanley's contractual duties under the IRA.

## PARTIES

6. Plaintiff Rhonda Woitovich is a natural person, resides in Middlesex County, New Jersey and is a citizen of the State of New Jersey.

7. Defendant Lydia Schoenfeld is a natural person, resides in Palm Beach County, Florida and is a citizen of the State of Florida.

8. Defendant Morgan Stanley Smith Barney, LLC is a Delaware limited liability company with its principal place of business in the State of New York. Morgan Stanley Smith Barney, LLC is a limited liability company consisting of one member, Morgan Stanley Domestic Holdings, Inc. Morgan Stanley Domestic Holdings, Inc. is a Delaware corporation with its principal place of business in the State of New York. Therefore, Defendant Morgan Stanley Smith Barney, LLC is deemed to be a citizen of either New York or Delaware under 28 U.S.C. § 1332(c)(1). Neither Morgan Stanley Smith Barney, LLC, nor its member, Morgan Stanley Domestic Holdings, Inc., is a citizen of the State of New Jersey or the State of Florida.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00 (Seventy Five Thousand Dollars).

10. Venue is properly laid in this Court because the Credit Shelter Trust and Individual Retirement Account giving rise to this action are both being held in accounts at a financial institution in this District.

## BACKGROUND & FACTS

11. Plaintiff Rhonda Woitovich is the granddaughter of Seymour Schoenfeld ("Seymour"), who died on December 10, 2020.

12. Defendant Lydia Schoenfeld is Woitovich's aunt, and a daughter of Seymour.

13. Upon Seymour's death, certain monies were to be distributed to Woitovich, Seymour's granddaughter whom he raised as a daughter, and to Schoenfeld.

14. Two accounts are at issue in this action: a Credit Shelter Trust and an Individual Retirement Account.

### A. The Credit Shelter Trust

15. Seymour Schoenfeld was married to Ruth Schoenfeld ("Ruth"), who pre-deceased him. Upon Ruth's death, on or about September 18, 2015, the CST was formed for the duration of Seymour's life, for his benefit.

16. After Seymour's death, the residuary of the CST was to go Woitovich as its beneficiary, when she turned forty years old.

17. Schoenfeld is the co-trustee of the CST, and following Seymour's death, should have immediately distributed the assets of the CST to Woitovich, the beneficiary of the CST, as the prerequisites for distribution had been met and Woitovich was over forty years old.

18. The CST is currently being held at Morgan Stanley in New York, New York and has an approximate value of over $1,000,000.00 (One Million Dollars).

19. The funds in the CST should have been distributed to Woitovich immediately following Seymour's death.

20. However, Schoenfeld has refused to distribute the assets of the CST to Woitovich, despite numerous requests from Woitovich to do so.

21. Schoenfeld has continuously refused, unlawfully and without reason.

22. To this date, Schoenfeld has not distributed the assets in the CST to Woitovich, breaching the fiduciary duties owed to Woitovich and holding the assets with no reasonable explanation.

23. Therefore, Woitovich is left with no choice but to bring this lawsuit, seeking specific performance, declaratory judgment and damages regarding Schoenfeld's inaction relating to the CST.

B. **The Individual Retirement Account**

24. During his life, Seymour maintained an IRA, also held at Morgan Stanley.

25. When setting up the IRA, Seymour executed the IRA Designation of Beneficiary form ("IRA Designation Form"), which designated Woitovich and Schoenfeld as co-beneficiaries of the IRA and established a fiduciary relationship between them.

26. The IRA Designation Form also directed that upon Seymour's death, 2/3 of the IRA would go to Woitovich, with the remaining 1/3 of the IRA going to Schoenfeld.

27. Currently, the value of the IRA held at Morgan Stanley is over approximately $1,900,000.00 (One Million, Nine Hundred Thousand Dollars), with 2/3 of that amount owed to Woitovich and 1/3 owed to Schoenfeld.

28. Morgan Stanley has a contractual obligation to distribute the IRA upon any beneficiary's request, in proportion to the interest that beneficiary has.

29. Upon Seymour's death, Woitovich, as a beneficiary of the IRA, contacted Morgan Stanley and requested that her portion of the IRA be distributed to her.

30. However, Morgan Stanley has refused to distribute the assets of the IRA to Woitovich, despite numerous requests from Woitovich to do so.

31. Morgan Stanley has continuously refused, unlawfully and without reason.

32. To this date, Morgan Stanley has not distributed Woitovich's portion of the assets in the IRA to Woitovich, breaching the contract Morgan Stanley has with her and holding the assets with no reasonable explanation.

33. Further, Schoenfeld has breached the fiduciary duties owed to Woitovich relating to the IRA, as co-beneficiary, by interfering with Woitovich's interest in the IRA in order to seek an advantage on other matters, including the distribution of the CST, constituting a breach of fiduciary duty.

34. Therefore, Woitovich is left with no choice but to bring this lawsuit, seeking specific performance, declaratory judgment and damages regarding Morgan Stanley's breach of contract and Schoenfeld's breach of fiduciary duties relating to the IRA.

## AS AND FOR A FIRST CAUSE OF ACTION
(Specific Performance Relating to the CST Against Lydia Schoenfeld)

35. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 34 above, inclusive, with the same force and effect as if set forth at length herein.

36. Plaintiff Rhonda Woitovich and Defendant Lydia Schoenfeld are in a fiduciary relationship relating to the Credit Shelter Trust, as Schoenfeld is the co-trustee and Woitovich is the other co-trustee and the CST's beneficiary.

37. As such, they are also parties to the Credit Shelter Trust.

38. Schoenfeld has refused to distribute the assets of the CST to Woitovich, the CST's beneficiary, as per its instructions, thereby breaching the terms of the CST.

39. Since Schoenfeld has refused to distribute the assets of the CST, the assets of the CST have not been rightfully distributed and Woitovich has no other remedy at law.

40. Schoenfeld's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

41. By reason of the foregoing, the Court should order Defendant Lydia Schoenfeld's specific performance of the CST and order that she distribute the assets of the CST immediately to Woitovich.

## AS AND FOR A SECOND CAUSE OF ACTION
(Declaratory Judgment Relating to the CST Against Lydia Schoenfeld)

42. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 41 above, inclusive, with the same force and effect as if set forth at length herein.

43. Plaintiff Rhonda Woitovich and Defendant Lydia Schoenfeld are in a fiduciary relationship relating to the Credit Shelter Trust, as Schoenfeld is the co-trustee and Woitovich is the other co-trustee and the CST's beneficiary.

44. As such, they are also parties to the Credit Shelter Trust.

45. Schoenfeld has refused to distribute the assets of the CST to Woitovich, the CST's beneficiary, as per its instructions, thereby breaching the terms of the CST.

46. Since Schoenfeld has refused to distribute the assets of the CST, the assets of the CST have not been rightfully distributed and Woitovich has no other remedy at law.

47. Schoenfeld's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

48. By reason of the foregoing, Plaintiff Rhonda Woitovich demands a declaratory judgment be ordered, which provides that Defendant Lydia Schoenfeld must distribute the assets of the CST immediately to Woitovich.

## AS AND FOR A THIRD CAUSE OF ACTION
(Breach of Fiduciary Duty Relating to the CST Against Lydia Schoenfeld)

49.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 48 above, inclusive, with the same force and effect as if set forth at length herein.

50.     Plaintiff Rhonda Woitovich and Defendant Lydia Schoenfeld are in a fiduciary relationship relating to the Credit Shelter Trust, as Schoenfeld is the co-trustee and Woitovich is the other co-trustee and the CST's beneficiary.

51.     As Woitovich's fiduciary, Defendant Schoenfeld has a duty to always act in Woitovich's best interests and owes her the highest level of fiduciary duties.

52.     Defendant Schoenfeld breached the fiduciary duties she owes to Woitovich, by refusing to follow the proper procedures for distributing the assets of the CST to Woitovich, the CST's beneficiary, thereby breaching the terms of the CST and preventing the rightful distribution of the CST to Woitovich.

53.     As a direct and proximate cause of Defendant Schoenfeld's breaches of her fiduciary duties, Plaintiff Rhonda Woitovich has sustained actual money damages in excess of $1,000,000.00 (One Million Dollars).

54.     Schoenfeld's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

55.     By reason of the foregoing, Defendant Lydia Schoenfeld is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars).

## AS AND FOR A FOURTH CAUSE OF ACTION
(Breach of Contract Relating to the CST Against Lydia Schoenfeld)

56. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 55 above, inclusive, with the same force and effect as if set forth at length herein.

57. The Credit Shelter Trust serves as a contract between Plaintiff and Schoenfeld, as co-trustees and beneficiary.

58. The Credit Shelter Trust Agreement states that Schoenfeld should distribute to the CST's beneficiary, Woitovich, her shares of the CST upon Woitovich turning forty.

59. Since she is over the age of forty, Woitovich has requested that Schoenfeld distribute the assets of the CST to her, rightfully as its beneficiary.

60. Despite the prerequisite of the CST being met, Schoenfeld has refused to distribute the assets of the CST to Woitovich.

61. Defendant Lydia Schoenfeld, the co-trustee of the CST, has breached the terms of the CST itself and the fiduciary duties owed to Woitovich, as its co-trustee and beneficiary and has refused to distribute the assets of the CST to Woitovich.

62. As a direct and proximate cause of Defendant Schoenfeld's breach of contract, Plaintiff Rhonda Woitovich has sustained actual money damages in excess of $1,000,000.00 (One Million Dollars).

63. Schoenfeld's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

64. By reason of the foregoing, Defendant Lydia Schoenfeld is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars).

## AS AND FOR A FIFTH CAUSE OF ACTION
(Breach of Contract Relating to the IRA Against Morgan Stanley Smith Barney, LLC)

65. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 64 above, inclusive, with the same force and effect as if set forth at length herein.

66. When Seymour set up the Individual Retirement Account at Morgan Stanley, he entered into a contractual relationship with Morgan Stanley.

67. Upon his death, Woitovich, as a co-beneficiary of the IRA, entered into a contractual relationship with Morgan Stanley.

68. Pursuant to the IRA, upon Seymour's death, any beneficiary may request her portion of the funds in the IRA be distributed to her.

69. Woitovich has contacted Morgan Stanley many times and requested that her portion of the IRA be distributed to her.

70. Despite the prerequisite of the IRA being met, namely Seymour's death, Morgan Stanley has repeatedly refused to distribute Woitovich's portion of the assets of the IRA to her.

71. Defendant Morgan Stanley has breached the terms of the IRA itself and has repeatedly refused to distribute Woitovich's portion of the assets of the IRA to her.

72. As a direct and proximate cause of Morgan Stanley's breach of contract, Plaintiff Rhonda Woitovich has sustained actual money damages in excess of $1,200,000.00 (One Million, Two Hundred Thousand Dollars).

73. Morgan Stanley's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

74. By reason of the foregoing, Defendant Morgan Stanley Smith Barney, LLC is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be

determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars).

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Breach of Fiduciary Duty Relating to the IRA Against Lydia Schoenfeld)

75. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 74 above, inclusive, with the same force and effect as if set forth at length herein.

76. Plaintiff Rhonda Woitovich and Defendant Lydia Schoenfeld are in a fiduciary relationship relating to the Individual Retirement Account, as its co-beneficiaries.

77. As Woitovich's fiduciary, Defendant Schoenfeld has a duty to always act in Woitovich's best interests and owes her the highest level of fiduciary duties.

78. Defendant Schoenfeld breached the fiduciary duties she owes to Woitovich, by not acting in good faith and obstructing Woitovich's requests to Morgan Stanley for distribution of her portion of the IRA, thereby breaching the terms of the IRA and preventing the rightful distribution of her portion of the IRA to Woitovich.

79. As a direct and proximate cause of Defendant Schoenfeld's breaches of her fiduciary duties, Plaintiff Rhonda Woitovich has sustained actual money damages in excess of $1,200,000.00 (One Million, Two Hundred Thousand Dollars).

80. Schoenfeld's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

81. By reason of the foregoing, Defendant Lydia Schoenfeld is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars).

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Specific Performance Relating to the IRA Against Morgan Stanley Smith Barney, LLC)

82. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 81 above, inclusive, with the same force and effect as if set forth at length herein.

83. Plaintiff Rhonda Woitovich and Defendant Morgan Stanley are in a contractual relationship relating to the Individual Retirement Account and are parties to it.

84. Morgan Stanley has refused to distribute Woitovich's portion of the assets of the IRA to Woitovich, one of the IRA's beneficiaries, as per the IRA, thereby breaching the terms of the IRA.

85. Since Morgan Stanley has refused to distribute Woitovich's portion of the assets of the IRA to her, that portion of the assets of the IRA have not been rightfully distributed and Woitovich has no other remedy at law.

86. Morgan Stanley's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

87. By reason of the foregoing, the Court should order Defendant Morgan Stanley Smith Barney, LLC's specific performance of the IRA and order that it distribute Woitovich's portion of the assets of the IRA immediately to Woitovich.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Declaratory Judgment Relating to the IRA Against Morgan Stanley Smith Barney, LLC)

88. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 87 above, inclusive, with the same force and effect as if set forth at length herein.

89. Plaintiff Rhonda Woitovich and Defendant Morgan Stanley are in a contractual relationship relating to the Individual Retirement Account and are parties to it.

90. Morgan Stanley has refused to distribute Woitovich's portion of the assets of the IRA to Woitovich, one of the IRA's beneficiaries, as per the IRA, thereby breaching the terms of the IRA.

91. Since Morgan Stanley has refused to distribute Woitovich's portion of the assets of the IRA to her, that portion of the assets of the IRA have not been rightfully distributed and Woitovich has no other remedy at law.

92. Morgan Stanley's conduct is unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

93. By reason of the foregoing, Plaintiff Rhonda Woitovich demands a declaratory judgment be ordered, which provides that Defendant Morgan Stanley must distribute Woitovich's portion of the assets of the IRA immediately to Woitovich.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

94. On the First Cause of Action, specific performance relating to the CST, the Court should order Defendant Lydia Schoenfeld's specific performance and order that she distribute the assets of the CST immediately to Woitovich; and,

95. On the Second Cause of Action, declaratory judgment relating to the CST, the Court should order that Defendant Lydia Schoenfeld must distribute the assets of the CST immediately to Woitovich; and

96. On the Third Cause of Action, breach of fiduciary duty relating to the CST, Defendant Lydia Schoenfeld is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars), plus interest, costs and the expenses of this action; and,

97. On the Fourth Cause of Action, breach of contract relating to the CST, Defendant Lydia Schoenfeld is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars), plus interest, costs and the expenses of this action; and

98. On the Fifth Cause of Action, breach of contract relating to the IRA, Defendant Morgan Stanley Smith Barney, LLC is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars), plus interest, costs and the expenses of this action;

99. On the Sixth Cause of Action, breach of fiduciary duty relating to the IRA, Defendant Lydia Schoenfeld is liable to Plaintiff Rhonda Woitovich for actual and punitive damages in an amount to be determined at trial, which amount is not less than $3,000,000.00 (Three Million Dollars), plus interest, costs and the expenses of this action; and,

100. On the Seventh Cause of Action, specific performance relating to the IRA, the Court should order Defendant Morgan Stanley Smith Barney, LLC's specific performance and order that it distribute Woitovich's portion of the assets of the IRA immediately to Woitovich; and,

101. On the Eighth Cause of Action, declaratory judgment relating to the IRA, the Court should order that Defendant Morgan Stanley Smith Barney, LLC must distribute Woitovich's portion of the assets of the IRA immediately to Woitovich; and

102. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 2, 2022

**TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
Tel: (212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorneys for Plaintiff*
*Plaintiff Rhonda Woitovich*

To:

Clerk of the Court (via NYSCEF)

Lydia Schoenfeld
7730 Grovewood Drive
Lake Worth, Florida 33467

*Defendant*

Morgan Stanley Smith Barney, LLC
1585 Broadway
New York, New York 10036

*Defendant*